JIMMIE ANN BURDITT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burditt v. Commissioner
Docket No. 15200-87.
United States Tax Court
T.C. Memo 1988-219; 1988 Tax Ct. Memo LEXIS 247; 55 T.C.M. (CCH) 870; T.C.M. (RIA) 88219; May 16, 1988. Jimmie Ann Burditt, pro se. M. Kathryn Bellis, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: In his notice of deficiency respondent determined a deficiency and additions to tax for the taxable year 1985 as follows: Additions to Tax, I.R.C. 1954
Deficiency
§ 6651(a)(1) [1]
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654
§ 6661
$ 7,978.00
$ 1.941.50
$ 398.90
*
$ 441.99
$ 1.994.50
*248 The issues are whether petitioner's gross income for 1985 included wages in the amount of $ 26,234 and stock and bond income in the amount of $ 6,228. [2]
*249 All of the facts have been stipulated in this case, and the stipulation forms the basis for our findings of fact. [3]
When petitioner filed her petition herein, she resided in Houston, Texas. Petitioner, a single individual, did not file a U.S. Individual Income Tax Return for the taxable year 1985. During that year she received wages from Donaldson Lufkin Jenrette in the amount of $ 11,692 and from Rotan Mosle, Inc. in the amount of $ 14,542. She also received proceeds from the sale of marketable securities in the total amount of $ 6,228. The record does not reveal how long petitioner held the securities, nor her basis in them. Petitioner's employer Rotan MOsle withheld Federal income tax in the amount of $ 213. Donaldson Lufkin Jenrette did not withhold any Federal income tax. On May 28, 1985, petitioner filed a W-4 form with Donaldson Lufkin Jenrette, where she was employed from May 28, 1985 to April 25, 1986, in which she claimed to be exempt from income tax. At trial, petitioner offered no additional evidence. She stated that she simply *250 wished to make a legal argument, and asked permission to file a "trial brief" in lieu of oral argument. Respondent did not object, and the Court received petitioner's trial brief as her oral argument. Unfortunately, petitioner's argument, though well written, rehashes the familiar but long discredited litany of protester arguments: that petitioner is not a "person" required to file an income tax return; that petitioner is not a "taxpayer"; and that petitioner's wages and other gross receipts are not "income" for Federal tax purposes. Petitioner acknowledges that she is aware that the Court has rejected conclusions similar to her own in other cases, yet she asks to be excused from the addition to tax under section 6651(a) on the ground that her failure to file a tax return and to pay the tax is "due to reasonable cause and not due to willful neglect." This argument simply will not wash. Petitioner's arguments are wholly without merit. See Rowlee v. Commissioner,80 T.C. 1111 (1983). Petitioner has the burden of proving respondent's notice of deficiency was incorrect. Rule 142(a). Petitioner did not offer any evidence in this case, other than the stipulation of *251 facts. Her refusal to do this has clearly hurt her. For example, she would be entitled to subtract her basis in the securities sold in 1985 from the amounts received. This might have resulted in a lower amount of income, or even in a loss. In addition, had we known the holding period of such securities, petitioner might have been entitled to be taxed at the rate for capital gains rather than treating the entire amount as ordinary income. Since petitioner did not introduce such evidence, but relied instead on her protester arguments, she has not met her burden of proof. In light of the above, respondent's determination with regard to the deficiency and additions to tax set forth in his notice of deficiency is sustained. [4]
Although respondent did not request damages under section 6673, we now consider, on our own motion, whether such damages should be imposed. That section provides that whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such *252 proceedings is frivolous or groundless, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. We think Congress' objective was to let this Court know that it should not allow itself to be imposed upon or allow its time to be consumed by individuals who bring frivolous or groundless actions, without imposing damages. Unlike many protesters who appear before this Court, petitioner was courteous and cooperated in the stipulation procedure. Nevertheless, with full knowledge that her arguments had previously been rejected by the courts, she persisted in making them while refusing to submit any evidence dealing with the substantive issues of her case. She thus wasted the time of respondent and the Court in pursuing an action, it appears to us, primarily for purposes of delay. Accordingly, damages under section 6673 will be awarded to the United States in the amount of $ 2,000. An appropriate order and decision will be entered.
Footnotes
1. ll section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50% of the interest payable with respect to the portion of the underpayment attributable to negligence. ↩
2. In his trial memorandum dated April 1, 1988, respondent first indicated an intention to file a motion to amend his answer to raise the issue of whether petitioner's gross income for 1985 also includes a distribution in the amount of $ 9,101.57 from the termination of a profit sharing plan. The trial memorandum indicated that petitioner did not object to the granting of this motion. Respondent orally made the motion at calendar call on April 18, 1988. We denied respondent's motion because the issue was raised so close to trial and because we had doubts whether petitioner, appearing pro se, was fully aware of the implications of her failure to object to such motion. Further, we questioned petitioner's ability, on such short notice, to address the technical aspects of this issue and to raise any defenses available to her. ↩
3. We have not considered stipulated facts or documents related to the distribution from the profit sharing plan. See note 2. ↩
4. As to the section 6661 addition to tax, see Pallottini v. Commissioner,↩ 90 T.C.    (March 30, 1988).